

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-20-2006

# USA v. McCray

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4257

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. McCray" (2006). *2006 Decisions.* Paper 308.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/308

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4257

_____

UNITED STATES OF AMERICA

v.

CHARLES MCCRAY
a/k/a AMIN

Charles McCray,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 04-cr-00658)
District Judge: Honorable Berle M. Schiller

_____

Submitted Under Third Circuit LAR 34.1(a)
on September 25, 2006

Before: RENDELL, CHAGARES & ROTH, Circuit Judges.

(Filed: October 20, 2006)

_____

OPINION

_____

RENDELL, Circuit Judge.

Appellant Charles McCray appeals his conviction by a jury for interstate transportation of stolen property (a personal check) in violation of 18 U.S.C. § 2314. McCray challenges the sufficiency of the evidence supporting his conviction. Specifically, he argues that there was insufficient evidence indicating that the check was stolen and insufficient evidence indicating that he was the one who committed the crime. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we will affirm.

**DISCUSSION**

McCray was convicted of stealing a single personal check. In submitting his federal tax return, the payor had neglected to write the name of the payee on the check. The check was for more than $12,000 and the IRS received the tax documents but not the check. The check was deposited in a PNC bank account opened by Charles McCray and McCray was the payee. The bank account had been opened only a few days before the check was deposited and McCray claims that someone impersonating him opened the account. A few days later, more than $10,000 was withdrawn from the account via an in-person appearance at the bank, and McCray's ATM card was used to make a purchase from K-Mart in the amount of $1,456.41.

Under 18 U.S.C. § 2314, the Government was required to prove beyond a reasonable doubt that the check was stolen, that it was worth $5,000 or more, that McCray transported the check in interstate commerce, and that McCray knew at the time

2

he transported it that the check had been stolen. McCray challenges two of these points on appeal. McCray argues that the check was not stolen and that he did not knowingly transport a stolen check.

The jury heard that to open an account and withdraw funds from a teller, routine security practices require confirmation of the customer's identity with picture identification. In this case, McCray's driver's license and Pennsylvania welfare access card were presented when the account was opened. Moreover, the ATM card for the account was mailed to McCray at his address several days after the account had been opened. The card was then presented to the bank teller to withdraw funds.

"We apply a particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998). "This court must affirm the convictions if a rational trier of fact could have found the defendants guilty beyond a reasonable doubt and the convictions are supported by substantial evidence." *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990).

Based on the facts presented, the jury could logically conclude beyond a reasonable doubt that McCray stole the check and deposited the money in his account. The contention that the check was "lost" and not stolen cannot be squared with the facts that a new payee was entered on the check and that the money was deposited without the owner's consent or authorization. The jury could reasonably conclude that McCray

himself–not someone impersonating him–entered his name on the check, opened the PNC account, received the debit card at his address, and withdrew the money.

"Only when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt, may an appellate court overturn the verdict." *United States v. McNeill*, 887 F.2d 448, 450 (3d Cir. 1989) (quoting *Brandom v. United States*, 431 F.2d 1391, 1400 (7th Cir. 1970)). That standard is certainly not met in this case. The facts presented to the jury were more than sufficient to convict McCray. Accordingly we will AFFIRM the Judgment and Commitment Order of the District Court.

_____